**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

| | | |
|---|---|---|
| ANTHONY MARTINEZ HARRIS,<br><br>Petitioner,<br><br>v.<br><br>F.C.I. MEMPHIS LOW,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:25-cv-02455-TLP-tmp |

---

**ORDER DISMISSING PETITION FOR LACK OF SUBJECT MATTER JURISDICTION, CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

---

Petitioner Anthony Martinez Harris[1] petitioned here for a Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"). (ECF No. 1.) The Court then granted Petitioner leave to proceed in forma pauperis. (ECF No. 6.) For the reasons below, the Court **DISMISSES** the Petition for lack of subject matter jurisdiction.

## BACKGROUND

Following a two-day jury trial, the jury found Petitioner guilty of conspiracy to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). (No. 2:19-cr-04088-SRB (W.D. Mo.), ECF No. 280). The trial court sentenced Petitioner to 262 months of incarceration, followed by a five-year period of supervised release. (ECF No. 326 at PageID 327–28.)

The United States Court of Appeals for the Eighth Circuit affirmed Petitioner's

---

[1] Petitioner is an inmate at the Federal Correctional Institution in Memphis, Tennessee, and his Bureau of Prisons register number is 34563-045. (ECF No. 1.)

conviction and sentence on April 6, 2023. *See United States v. Harris*, 64 F.4th 999, 1001 (8th Cir. 2023). Petitioner did not petition the United States Supreme Court for a writ of certiorari.

On March 20, 2023, Petitioner moved to vacate his conviction or sentence under 18 U.S.C. § 2255 in the United States District Court for the Western District of Missouri. (No. 2:23-cv-04059-BCW (W.D. Mo.), ECF No. 1). His Motion raised claims including unlawful arrest, illegal detention, and ineffective assistance of counsel related to his conviction and sentence. (*Id.* at 2–3).

On June 13, 2024, the District Court denied Petitioner's Motion. (ECF No. 43.) The Eighth Circuit then denied Petitioner's Application for a Certificate of Appealability on December 6, 2024. (ECF No. 56.) Petitioner then moved for permission to file a Second or Successive § 2255 Motion and the Eighth Circuit denied that motion on February 4, 2025. (ECF No. 61.)

Petitioner filed this Petition on April 25, 2025. (No. 2:25-cv-02455-TLP-tmp, ECF No. 2.) Petitioner now asserts claims of unlawful arrest, unreasonable search, and seizure, unlawful detention, and due process violations related to his conviction. (*Id.* at PageID 7–8.) According to Petitioner, the remedy provided by § 2255 is inadequate or ineffective because his conviction stems from "a warrantless arrest and search by City of Camdenton police officers." (*Id.* at PageID 6.)

He claims that officers refused to release him after a twenty-hour hold and take him before a federal magistrate judge for "the arrest and search." (*Id.*) And he asserts that he was detained for forty-eight days before a federal grand jury indicted him. (*Id.*) Petitioner requests an evidentiary hearing so he can present new evidence "to a magistrate judge or district judge[]

for a proper ruling of law on the issues of unreasonable search and seizure, use of illegally obtained evidence, [] unlawful detention, and police misconduct." (*Id.* at PageID 9.)

**ANALYSIS**

This Court may issue a writ of habeas corpus under § 2241 when a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "A district court has no jurisdiction over an application for habeas under [§] 2241 if the petition could seek relief under [§] 2255, and either has not done so or has done so unsuccessfully. The only escape route is the saving clause." *Taylor v. Owens*, 990 F.3d 493, 499 (6th Cir. 2021). The "saving clause" in § 2255 requires a showing before a court may consider an application for habeas relief under § 2241.

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

Courts construing this language "have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under . . . § 2255, and that claims seeking to challenge the execution or manner in which [their] sentence[s] [are] served shall be filed in the court having jurisdiction over the prisoner's custodian under . . . § 2241." *Charles v. Chandler*, 180 F.3d 753, 755–56 (6th Cir. 1999) (per curiam) (citation modified). The saving clause thus limits the Court's subject matter jurisdiction because a "district court has no jurisdiction over an application for habeas under [§] 2241 if the petitioner could seek relief under [§] 2255." *Taylor*, 990 F.3d at 499.

Petitioner is attacking his conviction here and so habeas relief under § 2241 is unavailable to him unless relief under § 2255 is inadequate or ineffective. *See* § 2255(e). "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Charles*, 180 F.3d at 756. "The circumstances in which § 2255 is inadequate and ineffective are narrow." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). And "the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner is procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate." *Charles*, 180 F.3d at 756 (citation modified).

Petitioner suggests that § 2255 relief is inadequate or ineffective because his constitutional rights were violated when he was arrested and searched without a warrant and when he was detained for forty-eight days before a federal grand jury indicted him. (ECF No. 2 at PageID 6.) But he fails to show that a § 2255 motion would be "inadequate or ineffective" such that the saving clause of § 2255(e) would apply. *See Charles*, 180 F.3d at 756.

Indeed, Petitioner raised his claims of illegal search and seizure and unlawful detention in his § 2255 Motion. (No. 2:23-cv-04059-BCW (W.D. Mo.), ECF No. 1.) But just because that Motion did not succeed, "the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied." *See Charles*, 180 F.3d at 756 (citation modified). Likewise, § 2255 relief is not inadequate or ineffective on the grounds that the Eighth Circuit previously denied Petitioner leave to file a second or successive § 2255 motion.

Because Petitioner has failed to meet his burden of showing that § 2255(e)'s saving clause applies, the Court lacks jurisdiction to consider the merits of the § 2241 Petition. *See*

*Taylor*, 990 F.3d at 499. The Court therefore **DISMISSES** the § 2241 Petition for lack of subject matter jurisdiction.

Federal prisoners who petition under § 2241 challenging their federal custody need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1). *See Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004) (explaining that § 2253 "does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process").

A habeas petitioner seeking to appeal must pay the filing fee required by 28 U.S.C. §§ 1913 and 1917. To appeal in forma pauperis in a habeas case under § 2241, the petitioner must obtain pauper status under Federal Rule of Appellate Procedure 24(a). *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). But Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the petitioner must move to proceed in forma pauperis in the appellate court. *See* Fed. R. App. P. 24(a)(4)–(5).

Because the Court lacks subject matter jurisdiction over the Petition, the Court concludes that any appeal would not be taken in good faith. The Court therefore **CERTIFIES** under Rule 24(a) that any appeal would not be taken in good faith, and the Court **DENIES** Petitioner leave to appeal in forma pauperis.

**SO ORDERED**, this 29th day of October, 2026.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE